# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL GABRIEL RICO, | Case No. 1:17-cv-00938-SKO (PC) |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO KEEP HIS ADDRESS OF RECORD UPDATED** |
| v. | |
| STANISLAUS COUNTY SHEIRFF'S DEPARTMENT, et al., | |
| Defendants. | **(Doc. 3)** |
| | **TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Manuel Gabriel Rico, is proceeding *pro se* and *in forma pauperis* in this action under 42 U.S.C. § 1983. Plaintiff filed this action on July 14, 2017. Four days later, on July 18, 2017, the First Informational Order issued informing Plaintiff of various requirements for pursuing this action, including the requirement to keep his address of record updated, and contained an order for Plaintiff to consent or decline to magistrate judge jurisdiction. (Doc. 3.) Plaintiff was required to return the form indicating his affirmative or negative response to magistrate judge jurisdiction within thirty days. (Doc. 3-1, p. 1.) However, the First Informational Order and the order re magistrate judge jurisdiction were returned by the United States Postal Service on August 7, 2017, as undeliverable and unable to be forwarded. The order granting Plaintiff's motion to proceed *in forma pauperis* that issued on July 21, 2017, was also returned on September 1, 2017, as undeliverable with a note that Plaintiff was no longer in custody.

A *pro se* plaintiff must keep the Court and opposing parties informed of the party's correct address. Local Rule 182(f). If a party moves to a different address without filing and serving a

notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. *Id*. If mail directed to a *pro se* plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be served a second time absent a notice of change of address. If a *pro se* plaintiff's address is not updated within sixty-three days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute. Local Rule 183(b).

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

It appears that Plaintiff abandoned this action shortly after its commencement. Whether Plaintiff did so mistakenly or intentionally after his release from custody is inconsequential. It matters not whether the First Informational Order was delivered to Plaintiff, as its mailing was simply a courtesy this Court extends to incarcerated parties who may not otherwise have ready access to the Local Rules. It is Plaintiff's responsibility as the party initiating this action to comply with the Court's Local Rules which require Plaintiff to keep his address of record updated. The Court declines to expend its limited resources to screen or otherwise address a case that Plaintiff has chosen to ignore.

/ /

/ /

Accordingly, Plaintiff is **ORDERED** to show cause **within 21 days** of the date of service of this order why the action should not be dismissed for both his failure to comply with the Court's order to consent or decline magistrate judge jurisdiction and to keep his address in this action updated; alternatively, within that same time, Plaintiff may update his address and submit the form indicating whether he consents or declines magistrate judge jurisdiction, or file a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated: **October 19, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE